10-3597-cv
Parker v. Mack

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand twelve.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
           DENNY CHIN,
               *Circuit Judges.*

-----------------------------------------------------------------------

LARRY PARKER,
               *Plaintiff-Appellant*,

        v.                                  No. 10-3597-cv

JOEL MACK and S.A.G.E.,
               *Defendants-Appellees.*

-----------------------------------------------------------------------

FOR APPELLANT:      Larry Parker, *pro se*, Buffalo, New York.

FOR APPELLEES:      No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 2, 2010, is AFFIRMED.

Plaintiff Larry Parker, proceeding pro se, appeals the sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of his third amended complaint, alleging various forms of discrimination. We review the challenged dismissal de novo, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), mindful that even a pro se complaint, when liberally construed, must satisfy the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). In applying that standard here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, referencing them only as necessary to explain our decision to affirm.

We affirm the dismissal of Parker's complaint for substantially the reasons stated by the district court in its thorough and well-reasoned August 31, 2010 decision and order. The bare allegation that Parker was subjected to "inappropriate touching by [his] supervisor," Third. Am. Compl. at 5, is insufficient to nudge his discrimination claim from one that is "merely consistent" with defendants' liability to one that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. at 1950. Further, the district court properly concluded that Parker failed timely to commence his action within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission as required by 42 U.S.C. §§ 2000e-5(f)(1) (Title VII of the Civil Rights Act claims), 12117(a) (Americans with Disabilities Act claims), and 29 U.S.C. § 626(e)(1) (Age Discrimination in

2

Employment Act claims), where he alleged that he received his right-to-sue letter more than ninety days before filing his original complaint.

We have considered Parker's arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court